IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| TEFERI MEKONNEN, | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-12-1304 |
| AIMCO PROPERTIES, L.P., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This Memorandum Opinion addresses Defendant AIMCO Properties, L.P.'s Motion to Dismiss, ECF No. 5; *Pro Se* Plaintiff Teferi Mekonnen's Opposition, ECF No. 11; and Defendant's Reply, ECF No. 12. I find that a hearing is unnecessary in this case. *See* Loc. R. 105.6. For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED unless, within twenty-one (21) days from the date of this Memorandum Opinion, Plaintiff files with the Court, and serves Defendant with a properly authenticated copy of the attachment he referenced in the Equal Employment Opportunity Commission ("EEOC") Intake Questionnaire that he attached as Exhibit B to his Opposition. *See* Pl.'s Opp'n, Ex. B, ECF No. 11-2.

**I.      BACKGROUND**

For purposes of considering Defendant's Motion, the Court accepts the well pleaded facts that Plaintiff alleged in his Complaint as true.[1] *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir.

---

[1] While generally the law is clear that a District Court may not consider extrinsic evidence outside of the pleadings when ruling on a defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), when "'a defendant attaches a document to its motion to dismiss, a court may

2011). Plaintiff is a thirty-five year old black male and American citizen, born in Ethiopia. Compl. ¶¶ 3, 8, ECF No. 1. Plaintiff worked as a leasing consultant for The Hunt Club in Gaithersburg, Maryland for just over two years before his position was terminated with the company and Plaintiff was let go. *See id.* ¶¶ 9, 52–57. Defendant in this case is AIMCO Properties, L.P., a company which "owns and operates apartment communities throughout the United States." Def.'s Mem. 2, ECF No. 5-1. Approximately four months after Plaintiff began working at The Hunt Club as a leasing consultant, a woman named Keri Dorgan was hired as Property Manager and "[i]mmediately . . . exhibited racial[ly] bias[ed] behavior against Hispanic[] and African American[] employees." *Id.* ¶¶ 10-11. The Complaint alleges that Ms. Dorgan denied "[P]laintiff access to on-line commission leads," while providing a white individual full access, ridiculed Plaintiff about his foreign accent, including stating that he "did not hav[e] any English skills," accused Plaintiff of being ignorant and stupid, including one instance where she said, "I told you stupid[,] it's not going to happen," and constantly "threatened to terminate [P]laintiff for the least [] infraction." *Id.* ¶¶ 12, 26–28.

---

consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (internal quotation marks omitted)). Here, Defendant attached as Exhibit A to its Motion to Dismiss a copy of Plaintiff's official Charge of Discrimination, as filed with the EEOC. Def.'s Mot., Ex. A. Additionally, Plaintiff attached multiple exhibits to his Opposition, including a Separation Agreement, Intake Questionnaire allegedly filed with the EEOC, and what appear to be copies of email correspondence between Plaintiff and an employee of Defendant. *See* Pl.'s Opp'n, Exs. A-K. For the purposes of considering Defendant's Motion to Dismiss, the Court will consider only Exhibit A to Defendant's Motion to Dismiss and Exhibit B to Plaintiff's Opposition, as both are integral to and explicitly relied on in the Complaint. *See Fisher v. Md. Dep't of Pub. Safety & Corr. Servs.*, Civil Action No.: JFM-10-CV-0206, 2010 WL 2732334, at *2-3 (D. Md. July 8, 2010). The Court will disregard Exhibits A, C, D, E, F, G, H, I, J, and K to Plaintiff's Opposition, as they are non-integral. *See id.* ("If a defendant attaches non-integral documents to a motion to dismiss, the simplest course for a court to take is to disregard them.").

Dorgan also allegedly denied Plaintiff the opportunity to complete mandatory training courses, denied him commission money as a form of discipline, and required Plaintiff to work regularly on the weekends while permitting a white employee to have a "more favorable schedule." *Id.* ¶¶ 29–32. Finally, Dorgan "threaten[ed] to fire [P]laintiff" if he continued to report her [racial] bias to her superiors. *Id.* ¶ 33. When Plaintiff notified the Human Resources Department about the racially biased behavior Dorgan exhibited, he also requested a transfer. *Id.* ¶ 50. Plaintiff was informed that he would have the opportunity to meet with Human Resources Director Marc Hinson, but when Hinson visited the property, he met with Dorgan for about an hour and then left. *Id.* ¶¶ 50–51. Hinson later informed Plaintiff that "his position as leasing consultant was being eliminated." *Id.* ¶ 52. Upon receiving the news, Plaintiff then sought to apply for the vacancy of Assistant Property Manager. *Id.* ¶ 54. However, Plaintiff was denied the opportunity to apply and was informed that a white female was going to fill the position, despite Plaintiff having "consistently outperformed [her] in sales goals." *Id.* ¶ 54–56. On February 23, 2010, Plaintiff was "let go" from his position as a leasing consultant with Defendant. *Id.* ¶ 57.

On December 8, 2010, Plaintiff completed an EEOC Intake Questionnaire, where he checked off boxes on the form indicating that he had been discriminated against by Defendant, his previous employer, on the basis of his race, national origin, retaliation, and color. Pl.'s Opp'n, Ex. B. In addition to listing boxes that individuals may check off regarding the nature of their discrimination claim, the Intake Questionnaire provides sections for individuals to write in the specific details of the alleged discrimination. *See id.* Some of these sections request that the individual provide specific details surrounding the alleged discrimination, such as the dates and actions that the individual believes to be discriminatory, the name and title of those persons responsible, descriptions of individuals in a similar position who were treated differently or

similarly to the individual, as well as the answers to questions such as "[w]hy do you believe these actions were discriminatory?", and "[w]hat reason(s) were given to you for the acts you consider discriminatory?". *See* Pl.'s Opp'n, Ex. B. Plaintiff responded to these sections of the Intake Questionnaire merely by writing various iterations of the phrase, "please see the attachment" in the spaces allocated for written descriptions. Pl.'s Opp'n, Ex. B. However, Plaintiff did not include the attachment when he filed his Opposition with the Court. *See* Pl.'s Opp'n, Ex. B; Def.'s Reply 2.

On June 20, 2011, Plaintiff filed with the EEOC an official Charge of Discrimination, alleging discrimination based on race, national origin, color, and retaliation. Def.'s Mem., Ex. A, ECF No. 5-2. On January 27, 2012, the EEOC dismissed Plaintiff's charge and notified Plaintiff of his right to sue. *See* Compl., Ex. A. Shortly thereafter, Plaintiff filed the present suit, alleging unlawful hostile work environment and unlawful termination in violation of Title VII, and unlawful termination in violation of Maryland law. Compl. ¶¶ 59-74.

On June 4, 2012, Defendant filed a Motion to Dismiss, arguing first that Plaintiff's suit is time barred because Plaintiff "failed to timely file his administrative charge" within the 300 days required by Title VII and the Maryland Code, and in the alternative, that Count 1 of Plaintiff's claim should be "dismissed because [Plaintiff] fails to allege sufficient facts to prove severe or pervasive harassment on the basis of his race or national origin." Def.'s Mem. 1. In response, Plaintiff appears to argue that the December 8, 2010 Intake Questionnaire operates as the official Charge of Discrimination and that because the Intake Questionnaire was filed within the 300-day statutory period for filing an EEOC charge, his suit is timely. Pl.'s Opp'n 2. Specifically, Plaintiff states that "Defendant was contacted by EEOC and made aware on December 14, 2010 of Plaintiff['s] Charge of [D]iscrimination," that "EEOC notification to defendant about the charge establishes receipt of complaint," and that  "Exhibit B is a copy of the original

transmission report filed by [P]laintiff on December 8, 2010." Pl.'s Opp'n 2. Notably, however, Plaintiff provides no proof that the EEOC contacted Defendant on December 14, 2010, and Exhibit B to Plaintiff's Opposition includes a document entitled "Intake Questionnaire" and not the official Charge of Discrimination, as well as copies of a FedEx receipt and delivery notification for a delivery dated December 8, 2010, and a FedEx delivery order form with a mailing address that is impossible to read.[2] Pl.'s Opp'n, Ex. B.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. Civil Action No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content

---

[2] Additionally, the FedEx receipt dated December 8, 2010 includes no identifying information for either Plaintiff or Defendant and no destination address information, nor does it identify the documents that were in fact shipped. The FedEx delivery confirmation page that follows is the same. It simply proves that on December 9, 2010, at 12:35 p.m., FedEx delivered an unspecified package to an unspecified location in Baltimore that was accepted by an unidentified individual named "MMARTIN." *See* Pl.'s Opp'n, Ex. B. Finally, the Court cannot discern the handwritten text in the blank section on the FedEx order form, also included as Exhibit B to Plaintiff's Opposition.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Additionally, federal case law is clear that a *pro se* litigant's pleadings are held to a "less stringent standard[] than a formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The complaint of a *pro se* litigant "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[3] *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (citing *Haines*, 404 U.S. at 520).

### III.    DISCUSSION

In the Fourth Circuit, it is well-established that in order to bring an employment discrimination claim in Federal Court under Title VII, a plaintiff must first "exhaust his administrative remedies by filing a discrimination charge with the EEOC." *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005) (internal quotation marks omitted); *Sloop v. Mem'l Mission Hosp.*, 198 F.3d 147, 148 (4th Cir. 1999) ("It is axiomatic that a claimant under Title VII must exhaust his administrative remedies by raising his claim before the EEOC."); *Taylor v. Va. Union Univ.*, 193 F.3d 219, 239 (4th Cir. 1999) ("In order to assert a Title VII claim in Federal Court, a plaintiff must have exhausted her administrative remedies with respect to the claim."). Specifically, 42 U.S.C. §2000e-5(e)(1) "mandates that such a charge be filed within 180 days of the alleged discriminatory act, unless the state in which the alleged act occurred is a 'deferral state,' or a state with its own law prohibiting discrimination and an agency enforcing the law." *Kline v. Home Depot, Inc.*, Civil Action No.: RDB-08-990, 2009 WL 2246656, at *4 (D. Md. 2009). Maryland is a deferral state and thus, Plaintiff had 300 days from the date of Defendant's

---

[3] In light of Plaintiff's status as a *pro se* litigant and the lowered pleading standards afforded to self-represented litigants, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), Defendant's second argument is without merit.  Plaintiff has alleged facts sufficient to support his claim for "unlawful hostile work environment."

alleged unlawful employment practice during which to file his charge with the EEOC. *See id.* The underlying purpose of this exhaustion requirement is to put the defendant on notice and encourage resolution of the issue outside of the court system. *Miles*, 429 F.3d at 491. Thus, a charge filed with the EEOC should contain, *inter alia*, the "full name, address and telephone number of the person making the charge," the "full name and address of the person against whom the charge is made, if known," and a "clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12. Additionally, the "300-day [filing] deadline serves as a statute of limitations in regards to any subsequent judicial proceeding." *Kline*, 2009 WL 2246656, at *4. Indeed, "[w]hen [a] plaintiff fails to file" a charge of discrimination with the EEOC within the 300-day deadline, his "claim is time barred in federal court."

Here, Defendant asserts that Plaintiff failed to exhaust his administrative remedies within the 300-day statutory period and is time-barred from pursuing a discrimination claim in this Court. Def.'s Mem. 4. It is undisputed that Plaintiff filed an official Charge of Discrimination with the EEOC on June 20, 2011. *See* Def.'s Mem., Ex. A. It is also undisputed that June 20, 2011 falls well outside of the 300-day statutory period for filing a discrimination charge with the EEOC. Instead, Plaintiff argues that the Intake Questionnaire that he allegedly sent to the EEOC on December 8, 2010 operates as the required charge of discrimination. *See* Pl.'s Opp'n 2.

While the Fourth Circuit has not directly addressed the issue of whether an EEOC Intake Questionnaire may serve as a charge, the court has "twice accepted as a filed charge a letter or affidavit not submitted on an official agency form." *Valderrama v. Honeywell Tech. Solutions, Inc.*, 473 F. Supp. 2d 658, 662 (D. Md. 2007). The *Valderrama* Court stated that, "[t]he decisional touchstone [is] whether the [questionnaire] contain[s] the information required by the applicable regulation, 29 C.F.R. § 1601.12." 473 F. Supp. 2d at 662. Moreover, the Intake

Questionnaire itself informs the reader that "[c]onsistent with 29 C.F.R. § 1601.12(b) and 29 C.F.R. § 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge." U.S. Equal Employment Opportunity Commission, Uniform Intake Questionnaire 4 (Nov. 2009), *available at* http://www.eeoc.gov/form/ (the website reiterates that filing the questionnaire does not mean a charge has been filed). At a minimum, the applicant must provide "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of" that constitute the alleged unlawful employment practice. *29 C.F.R. § 1601.12(b).* Failure to meet this minimum requirement is a failure to file a charge with the EEOC. *See Valderrama*, 473 F. Supp. 2d at 663 (ruling that a complaint broadly alleging discriminatory comments failed to suffice as a charging document because plaintiff "fail[ed] to describe those comments, state who made them, or connect them to a discharge, a demotion, or harassment"); *but cf. Waiters v. Robert Bosch Corp.*, 683 F.2d 89, 92 (4th Cir. 1982) (holding that an affidavit identifying the parties, the nature of the discrimination, the date of the discrimination, and the circumstances thereof constituted a charge when only the employer's address was missing).

In the present case, Plaintiff's Intake Questionnaire, if received by the EEOC,[4] was filed within the required 300 days and could operate as a charging document so long as it contains the information required by 29 C.F.R. § 1601.12. However, Plaintiff's Intake Questionnaire fails to identify the discriminatory actions forming the basis of his complaint, fails to identify the individuals responsible for the discriminatory actions, and fails entirely to provide a "clear and concise statement of facts, including pertinent dates, constituting the alleged unlawful employment practices." *See* 29 C.F.R. § 1601.12. In the blank spaces provided on the form to include this type of information, Plaintiff instead wrote "see attachment" and then failed to file

---

[4] And, it is disputed that the EEOC ever received this document. *See* Def.'s Reply 2.

the attachment as an exhibit to his Opposition, or to authenticate it by establishing admissible facts to demonstrate that the attachment was included with the Intake Questionnaire when it was filed with the EEOC.  Pl.'s Opp'n, Ex. B.  Indeed, Plaintiff provided absolutely no factual support for his allegations of discrimination on the Intake Questionnaire.  It does not describe Plaintiff's claims with any "clarity or precision," *see Valderrama*, 473 F. Supp. 2d at 663, is not "sufficiently precise to identify the parties[] and to describe generally the action or practices complained of," *see* 29 C.F.R. § 1601.12(b) and thus, does not suffice as a charging document.  As Plaintiff's official charging document was filed on June 20, 2011, 482 days after the alleged unlawful employment practice occurred, and 182 days after the 300-day deadline during which to file the charge with the EEOC, Plaintiff is precluded from bringing suit unless he can demonstrate that the attachment to the Intake Questionnaire contains sufficient facts to describe the alleged discrimination, and that it was received by the EEOC with the Questionnaire.  *See* 42 U.S.C. § 2000e-5(e)(1); *see also Kline*, 2009 WL 2246656, at *4 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1987)).

## IV. CONCLUSION

On the facts currently before the Court, Plaintiff failed to timely file a charge with the EEOC and therefore, his suit is time barred.  Therefore, Defendant's Motion to Dismiss is GRANTED unless, within twenty-one (21) days from the date of this Memorandum Opinion, Plaintiff files with the Court a properly authenticated attachment that allegedly was filed with the EEOC contemporaneously with the Intake Questionnaire.  Plaintiff must serve Defendant with a copy of the attachment.

If Plaintiff does file the authenticated attachment, the Court will review it to determine whether it contains sufficient factual particularity to be considered a timely charge of discrimination.

   A separate Order shall be issued concurrently with this Memorandum Opinion.

Dated: <u>February 13, 2013</u>                 _____/s/_____
                                            Paul W. Grimm
                                            United States District Judge

mol