**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| TEFERI MEKONNEN, | * |
| Plaintiff, | * |
| v. | Case No.: PWG-12-1304 |
| AIMCO PROPERTIES, L.P., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This Memorandum Opinion addresses Defendant AIMCO Properties, L.P.'s Motion to Dismiss, ECF No. 5; *Pro Se* Plaintiff Teferi Mekonnen's Opposition, ECF No. 11; Defendant's Reply, ECF No. 12; and Plaintiff's Supplemental Response, ECF No. 15. For the reasons stated herein, Defendant's Motion to Dismiss is DENIED. Defendant must file its Answer no later than April 10, 2013, at which time the Court will enter a Scheduling Order and schedule a Fed. R. Civ. P. 16 conference call with the parties to discuss further pretrial proceedings.

**I. BACKGROUND**

On February 13, 2013, the Court granted Defendant's Motion to Dismiss on the grounds that Plaintiff failed to exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") prior to filing his Complaint. Feb. 13, 2013 Mem. Op. 6–9, ECF No. 13. The dismissal of Plaintiff's Complaint was subject to Plaintiff having the opportunity, which he has taken, to provide further evidence that the EEOC Intake Questionnaire

he filed constituted a charge of discrimination. *Id.* Specifically, Plaintiff failed to file a charge of discrimination within the 300-day statutory period for filing an EEOC charge and thus, was time-barred from pursuing a discrimination claim in this Court. *Id.* at 7; *see Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005) (stating that a plaintiff must first "exhaust his administrative remedies by filing a discrimination charge with the EEOC" before bringing a Title VII employment discrimination action in Federal Court). Instead of filing an official charge, Plaintiff completed an EEOC Intake Questionnaire, where he checked off boxes on the form indicating that he had been discriminated against by Defendant, his previous employer, on the basis of his race, national origin, retaliation, and color. Pl.'s Opp'n, Ex. B. In addition to listing boxes that individuals may check off regarding the nature of their discrimination claim, the Intake Questionnaire provides sections for individuals to write in the specific details of the alleged discrimination. *See id.* Some of these sections request that the individual provide specific details surrounding the alleged discrimination, such as the dates and actions that the individual believes to be discriminatory, the name and title of those persons responsible, descriptions of individuals in a similar position who were treated differently or similarly to the individual, as well as the answers to questions such as "[w]hy do you believe these actions were discriminatory?", and "[w]hat reason(s) were given to you for the acts you consider discriminatory?". *See id.* Plaintiff responded to these sections of the Intake Questionnaire merely by writing various iterations of the phrase, "please see the attachment" in the spaces allocated for written descriptions. *See id.* However, Plaintiff did not include the attachment when he filed his Opposition with the Court. *See* Pl.'s Opp'n, Ex. B; Def.'s Reply 2. Thus, the Court was unable to determine whether Plaintiff's Intake Questionnaire could operate as the

functional equivalent of an official charge of discrimination, bringing his claim within the statutory period as required. *Id.* at 7–8.

The Court dismissed Plaintiff's claims as time-barred, subject to the opportunity for Plaintiff to file with the Court, within twenty-one (21) days, a properly authenticated copy of the attachment he referenced in his EEOC Intake Questionnaire. *Id.* at 1. On March 5, 2013, Plaintiff filed a number of additional documents with the Court, one of which is the attachment to the Intake Questionnaire.[1] Pl.'s Supplemental Response 7, ECF No. 15-1. The Court must now determine whether the Intake Questionnaire and accompanying attachment may serve as a charge of discrimination.

## II. DISCUSSION

As stated in the Court's February 13, 2013 Memorandum Opinion, while the Fourth Circuit has not addressed directly the issue of whether an EEOC Intake Questionnaire may serve as a charge, the court has "twice accepted as a filed charge a letter or affidavit not submitted on an official agency form." *Valderrama v. Honeywell Tech. Solutions, Inc.*, 473 F. Supp. 2d 658, 662 (D. Md. 2007). The *Valderrama* Court stated that, "[t]he decisional touchstone [is] whether

---

[1] As discussed in the February 13, 2013 Memorandum Opinion, when "'a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (internal quotation marks omitted)). The Court then determined that "for the purpose of considering Defendant's Motion to Dismiss, the Court will consider only [the official Charge of Discrimination, attached as] Exhibit A to Defendant's Motion to Dismiss and [the Intake Questionnaire, attached as] Exhibit B to Plaintiff's Opposition, as both are integral to and explicitly relied on in the Complaint." Feb. 13, 2013 Mem. Op. 1–2 n.1. Additionally, as Plaintiff referenced the attachment in the Intake Questionnaire and, presumably, meant to file it with his original Opposition, the attachment shall be read as part of the Intake Questionnaire and thus, may be considered in determining whether to dismiss the Complaint. *See Fisher v. Md. Dep't of Pub. Safety & Corr. Servs.*, Civil No.: JFM-10-CV-0206, 2010 WL 2732334, at *2-3 (D. Md. July 8, 2010).

the [questionnaire] contain[s] the information required by the applicable regulation, 29 C.F.R. § 1601.12." 473 F. Supp. 2d at 662. Moreover, the Intake Questionnaire itself informs the reader that "[c]onsistent with 29 C.F.R. § 1601.12(b) and 29 C.F.R. § 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge." U.S. Equal Employment Opportunity Commission, Uniform Intake Questionnaire 4 (Nov. 2009), *available at* http://www.eeoc.gov/form/ (the website reiterates that filing the questionnaire does not mean a charge has been filed). At a minimum, the applicant must provide "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of" that constitute the alleged unlawful employment practice. *29* C.F.R. § 1601.12(b). Failure to meet this minimum requirement is a failure to file a charge with the EEOC. *See Valderrama*, 473 F. Supp. 2d at 663 (ruling that a complaint broadly alleging discriminatory comments failed to suffice as a charging document because plaintiff "fail[ed] to describe those comments, state who made them, or connect them to a discharge, a demotion, or harassment"); but cf. *Waiters v. Robert Bosch Corp.*, 683 F.2d 89, 92 (4th Cir. 1982) (holding that an affidavit identifying the parties, the nature of the discrimination, the date of the discrimination, and the circumstances thereof constituted a charge when only the employer's address was missing).

      Here, the attachment states that Plaintiff "was denied transfer, bon[us]es/severance payment, access to e-mail, moving survey, compliance training, promotional opportunit[ies]," and was "single[d] out for disciplinary action" during the period of March 2009 through February 2010. Pl.'s Supplemental Response 7. Plaintiff names the individuals responsible for the alleged discriminatory treatment and the reasons that he was given by them for the alleged discriminatory treatment. *Id.* Moreover, the attachment provides the names and specific

examples of individuals similarly situated who were treated better and worse than he. *Id.* Finally, Plaintiff provides the names of two individuals who were witnesses to the alleged discriminatory incidents. *Id.*

The information provided in the attachment to Plaintiff's Intake Questionnaire, combined with the information found on the Intake Questionnaire itself, render these documents sufficient to serve as a charge of discrimination. Because Plaintiff filed his Intake Questionnaire with the EEOC on December 8, 2010, well within the 300-day statutory period, Plaintiff has exhausted his administrative remedies as required by 42 U.S.C. § 2000e-5(e)(1) and his suit is not time-barred. Additionally, it is worth reiterating that Defendant's argument that Plaintiff's "allegations fall well short of meeting the Title VII requirement of conduct that is sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere" is without merit in light of the lowered pleading standards afforded to self-represented litigants such as Plaintiff. *See* Feb. 13, 2013 Mem. Op. 6 n.3.

### III.   CONCLUSION

Defendant's Motion to Dismiss is hereby DENIED. Defendant must file its Answer no later than April 10, 2013, at which time the Court will enter a Scheduling Order and schedule a Fed. R. Civ. P. 16 conference call with the parties to discuss further pretrial proceedings.

A separate Order shall be issued concurrently with this Memorandum Opinion.


Dated: <u>March 26, 2013</u>                                                      _____/s/_____
                                                                                                   Paul W. Grimm
                                                                                                   United States District Judge


mol